IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KRAIG PAYNE, | |
| Plaintiff, | |
| v. | Case No. 25-cv-848-NJR |
| JEREMIAH BROWN, | |
| Defendant. | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Kraig Payne, an inmate of the Illinois Department of Corrections who is currently incarcerated at Lawrence Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Payne's original Complaint (Doc. 1) alleging that Warden Jeremiah Brown failed to protect him was dismissed without prejudice for failure to state a claim (Doc. 11). He was granted leave to file an amended pleading. His amended pleading was due July 7, 2025 (*Id.*).

On July 22, 2025, the Court dismissed Payne's case with prejudice due to his failure to file an amended pleading by the deadline (Docs. 12, 13). That same date, Payne filed his Amended Complaint (Doc. 14). Payne dated his Amended Complaint as being filed on June 14, 2025. Although it is not entirely clear from the pleading when he submitted the pleading for filing, the Court will consider it timely submitted. Thus, the dismissal Order (Doc. 12) and Judgment (Doc. 13) are **VACATED**.

1

This case is now before the Court for preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Amended Complaint

Payne alleges that as Chief Administrative Officer, Jeremiah Brown's name is on every grievance that Payne submitted about his various issues at Lawrence (Doc. 14, p. 6). Payne alleges that Brown fails to properly investigate the grievances and refuses to fire, suspend without pay, or do anything to his staff (*Id.*). Payne was supposed to go to the law library to discuss his grievances, but his housing unit was never called. He alleges that Brown violated his rights from May 16, 2024, through June 2025 by failing to resolve his grievances or discipline his staff (*Id.* at pp. 6-7). Brown also allegedly failed to protect Payne by denying a grievance that contained a Prisoner Rape Elimination Act claim and reported contaminated food (*Id.*). Payne alleges that Brown simply refused to discipline any staff after he submitted serious grievances (*Id.*).

## Discussion

Payne once against fails to state a claim. He alleges only that Warden Jeremiah Brown failed to protect him by denying all of his grievances and failing to punish his staff for actions they took against Payne. Payne fails to identify those alleged actions by staff. He vaguely refers to the Prison Rape Elimination Act but fails to allege how or when he

was sexually harassed and/or assaulted. He also notes that all of the alleged violations are set forth in his grievances, but he fails to attach any grievances or explain the subject of those grievances.

Payne merely alleges that Brown is liable because he fails to discipline his employees or properly resolve Payne's grievances. But as the Court noted in dismissing the original complaint, Brown cannot be liable for his employees' actions because the doctrine of *respondeat superior* (or supervisory liability) does not apply to Section 1983 claims. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). Nor can he be liable for simply denying grievances. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). In order to be liable, Brown must be personally involved in the constitutional violations. *Vance v. Rumsfeld*, 701 F.3d 193, 203 (7th Cir. 2012). There are simply no allegations suggesting that Brown was involved in any constitutional violations. Payne fails to even set forth those constitutional violations, and he only alleges that Brown was involved after the fact, by denying grievances and failing to discipline his staff. That is not enough to state a claim against Warden Brown.

Thus, Payne fails to state a claim. This is Payne's second attempt at stating a viable claim, and he has been unable to do so. The Court finds that further amendment would be futile.

## Disposition

For the reasons stated above, Payne's Amended Complaint is **DISMISSED with prejudice** for failure to state a claim. The dismissal counts as one of Payne's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

Payne is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed. Therefore, the filing fee remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Payne wishes to appeal this Order, he must file a notice of appeal with this Court within **30 days** of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If Payne does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. He must list each of the issues he intends to appeal in the notice of appeal, and a motion for leave to appeal *in forma pauperis* must set forth the issues he plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). Moreover, if the appeal is found to be nonmeritorious, Payne may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than 28 days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  July 25, 2025**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**